**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 96-70-02ML** |
| | : | |
| **JASON SMITH** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REVIEW DETENTION ORDER**

Now comes the United States of America by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, hereby responds to the Defendant's Motion to Review Detention Order as follows:

Facts and Travel

On December 1, 2006, United States Probation Officer David S. Borelli filed a Petition for Summons for Offender Under Supervision requesting that this Court require the defendant to appear before a Magistrate Judge to answer for his failure to comply with the terms and conditions of supervised release. Those alleged violations included the defendant's repeated failure to file monthly supervision reports in a timely manner, the non-payment of restitution, the failure to notify his probation officer about a change in his employment status, and the fact that the defendant missed nine outpatient mental health

counseling sessions from June 14, 2006 until November 29, 2006. The Court granted Mr. Borelli's petition and ordered the issuance of a summons to the defendant requiring him to appear before Magistrate Judge Martin on December 11, 2006.

On December 11, 2006, the defendant appeared before Magistrate Judge Martin in answer to the summons and was advised by the Court about the nature and substance of the alleged violations of his supervised release. The defendant denied those allegations and requested a hearing. Magistrate Judge Martin then scheduled that hearing for Friday, December 15, 2006, and, over the government's objection, released the defendant in the interim.

The defendant returned to court on December 15, 2006, at which time Magistrate Judge Martin declared him to be a violator of his supervised release. That declaration was based upon the defendant's admission that he had failed to comply with the conditions of his supervised release, specifically, that he had repeatedly failed to timely file the mandatory monthly reports, did not notify Mr. Borelli of his change in employment status, and failed to attend the nine mental health counseling sessions (there was, however, some disagreement as to whether the defendant had notified the counseling agency about his inability to attend in advance of those sessions).

After the Magistrate Judge declared the defendant to be a

violator, the government recommended to the Court a sentence of six months incarceration followed by thirty-nine months of supervised release with the same conditions as previously imposed. Defendant's attorney responded by requesting that the Court simply continue the defendant on supervised release without imposing any period of incarceration as a result of the violation. Magistrate Martin then announced his intention to recommend to Chief Judge Lisi a sentence of five months incarceration followed by forty months supervised release with the conditions recommended by the government.

The government requested that the defendant be detained while awaiting sentencing before Chief Judge Lisi, citing the fact that the defendant now faced a realistic prospect of a jail term and his continued failure to cooperate with his mental health treatment provider, which had resulted in the defendant's discharge from the program. Defendant's attorney objected to the government's request and asked that the Magistrate Judge release the defendant pending his sentencing. Magistrate Judge Martin, after referencing the applicable standard and reviewing the specific facts of this case (i.e., the fact that the defendant had now admitted violation, the Magistrate Judge's recommendation of a period of incarceration, the defendant's discharge from the approved mental health program and a lack of confidence that any new treatment program would be anymore successful), ordered that

the defendant be detained awaiting sentencing.

Argument

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), the defendant has the burden of establishing that he will not flee or pose a danger to the community. Furthermore, where, as here, a defendant is awaiting imposition of sentence and the guideline range calls for a term of imprisonment (in this case that range is three to nine months), the Court must order that the defendant be detained, unless the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(a).

In the present case, the defendant has now twice been adjudged a violator of his supervised release since his initial release from prison in October 1998. His consistent refusal to comply with conditions of his release, despite multiple attempts by his probation officer to compel his compliance, combined with the fact that he now faces the realistic prospect of a five month period of incarceration, create both the likelihood of flight and the potential for danger to others.

It is also interesting to note that the primary bases for defendant's argument in favor of release is the fact that detention will deprive the defendant of necessary psychological

treatment, the very same services that he failed to avail himself of on a regular basis during his last six months of supervised release. Defendant suggests that, in the alternative, the Court release the defendant in order to afford him the opportunity to engage in unsupervised self medication with a remaining supply of anti-depressants and to successfully enroll in a new outpatient treatment program, a possibility that the defendant's track record seems to belie.

Furthermore, the defendant's claim that he will be denied treatment while detained is simply not accurate. According to United States Probation Officer David S. Borelli, the defendant has already begun receiving mental health treatment at the Wyatt Detention Center. A psychologist met with the defendant on Monday, December 18, 2006 and has submitted a request to Gateway Health Services for records relating to the defendant's medical and treatment history. Upon receipt of the Gateway information, the psychologist will then prescribe a course of treatment for the defendant during his incarceration at Wyatt.

Conclusion

In conclusion, the United States respectfully requests that this Honorable Court uphold and support Magistrate Judge Martin's determination that the defendant should be detained while awaiting sentencing on the violation.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

______________________
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

Certificate of Service

I hereby certify that on this the 20th day of December, 2006, a copy of the within Government's Response was served by way of the Electronic Case Filing system upon Kevin Fitzgerald, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903 (kevin_fitzgerald@fd.org).

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov