**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 96-70-02ML** |
| | : | |
| **JASON SMITH** | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO ISSUE SUBPOENA FOR PROBATION SUPERVISION RECORDS**

Now comes the United States of America by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, hereby objects to the Defendant's Motion to Issue Subpoena for Probation Supervision Records for the following reasons:

A party filing a motion for the issuance of a subpoena pursuant to Rule 17(c) of the Federal Rules of Criminal Rules Procedure must show that the material he seeks is both evidentiary and relevant. United States v. Lieberman, 608 F.2d 889, 904 (1st Cir. 1979). The rule is not meant to be a discovery device allowing criminal defendants to blindly comb through government records in a futile attempt to develop some sort of defense. Rather, it only allows for the gathering of specifically identified documents which the defendant knows to contain relevant evidence. United States v. Tokash, 282 F.3d 962, 971 (7th Cir. 2002). In fact, the moving party should be

required to, among other things, specifically identify the item sought and describe what relevant evidence that document or item contains. United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002).

Here, the defendant requests the issuance of a subpoena for his entire probation file without providing specific justification for its production.[1] Other than a generic statement that counsel needs the file to "competently represent" the defendant at sentencing, the defendant does not provide any detailed reasons for accessing the file and/or identify a specific item or document that he is both seeking and believes to be relevant. This failure is further exacerbated by the fact that the defendant has already admitted violating his supervised release, thereby substantially limiting the scope of issues that remain to be litigated before the Court. Even, however, if this motion had been filed in advance of the defendants admission, there would be no automatic requirement, absent some specific and detailed justification, for the production of the entire probation file. United States v. Derewal, 66 F.3d 52, 55 (3rd Cir. 1995).

[1] Some courts have held that a request for an entire file is in and of itself evidence of an impermissible fishing expedition. Morris at 991.

Conclusion

In conclusion, the United States respectfully requests that this Honorable Court deny defendant's Motion to Issue Subpoena Supervision Records.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

______________________

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

Certificate of Service

I hereby certify that on this the 21st day of December, 2006, a copy of the within Government's Response was served by way of the Electronic Case Filing system upon Kevin Fitzgerald, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903 (kevin_fitzgerald@fd.org).

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov